DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RICARDY BANKS,**
Petitioner,

v.

**NOEMEA VILAS BANKS,**
Respondent.

No. 4D2025-3026

[February 4, 2026]

Petition for writ of prohibition to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marlon J. Weiss, Judge; L.T. Case No. 062024DR017727AXXXCE.

Marck K. Joseph of The Joseph Firm, P.A., Miami, for petitioner.

Kathleen K. Peña of Kathleen K. Peña, Attorney at Law, Inc., Fort Lauderdale, for respondent.

PER CURIAM.

Ricardy Banks petitions for a writ of prohibition seeking the disqualification of the assigned judge. We issued an order directing respondent Noemea Banks to respond to the petition, and after considering the response, we grant the petition.

The original motion to disqualify was filed on August 8, 2025. The motion alleged fifteen grounds for disqualification, but we limit our discussion to the timeliness of the circuit judge's ruling on the motion. In addition to the certificate of service, the record includes evidence that the motion was served on the judge using the state e-filing portal on August 8, 2025. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.516(c) ("[S]ervice on a judge or other court official must be made electronically under subdivision (b) and the Florida Courts Technology Standards."); Fla. R. Gen. Prac. & Jud. Admin 2.516(b)(1) ("Documents filed through the portal must be served using the portal's e-service function."). The record also includes an email sent on August 8, 2025, directly to the email address the judge provided for "all correspondence with the court." The judge ultimately entered an order denying the motion on September 22, 2025, forty-five

days after the motion was served on the judge. The order indicates the motion was "never served" on the judge and was "legally insufficient to merit disqualification."

Florida Rule of General Practice and Judicial Administration 2.330(l) provides:

> **Time for Determination**. The judge against whom the motion for disqualification has been filed shall take action on the motion immediately, but no later than 30 days after the service of the motion as set forth in subdivision (d). If the motion is not denied within 30 days of service, the motion is deemed granted and the moving party may seek an order from the court directing the clerk to reassign the case.

We understand that the judge might not have seen the motion within thirty days of service. But Mr. Banks not only served the judge via the e-filing portal, he also served the judge at the judge's designated email address for all communications. By failing to rule on the motion within thirty days of service, the motion is deemed granted. *Id.*; *see also, Pekel v. Leyva*, 399 So. 3d 1175 (Fla. 3d DCA 2024).

We grant the petition and quash the order denying the motion to disqualify.

*Petition granted.*

KUNTZ, C.J., CONNER and SHEPHERD, JJ., concur.

* * *

***Not final until disposition of timely-filed motion for rehearing.***